## Case No. 16,481.

### UNITED STATES v. THOMES.

[Hoff. Land Cas. 82.] [1]

District Court, N. D. California. Dec. Term, 1855.

#### MEXICAN LAND GRANTS.

The validity of this claim undoubted.

[Claim of Robert H. Thomes for the Rancho Saucos, alleged to contain five leagues of land in Colusi county; confirmed by the board of land commissioners, and appeal taken by the United States.]

S. W. Inge, U. S. Atty.
E. O. Crosby, for appellee.

HOFFMAN, District Judge. In this case an appeal has been taken on the part of the United States, but no reason for rejecting the claim is mentioned by the district attorney, nor do there seem, on examining the record, to be any grounds for doubting its validity. The original grant is produced, as well as the expediente from the archives, with the record of approval by the departmental assembly. The conditions have been fully complied with, and the map and the description in the petition to which the conditions of the grant refer identify the land.

The claim of the appellee must therefore be confirmed.

## Case No. 16,482.

### UNITED STATES v. THOMES.

[Hoff. Land Cas. 83.] [1]

District Court, N. D. California. Dec. Term, 1855.

#### MEXICAN LAND GRANTS.

The validity of this claim undoubted.

[Claim of Albert G. Thomes for the Rancho Rio de los Molinos, alleged to contain five leagues of land in Butte county; confirmed by the board of land commissioners, and appeal taken by the United States.]

S. W. Inge, U. S. Atty.
E. O. Crosby, for appellee.

HOFFMAN, District Judge. No additional testimony on the part of the United States

has been taken in this court, nor has any reason for reversing the decision of the board been suggested—the case having been submitted on both sides without argument. On looking into the transcript we find the genuineness of the original title fully established by proof. The expediente is duly produced from the archives, containing the petition and usual documents, and also the approval of the departmental assembly. The conditions of the grant seem to have been substantially complied with, and the locality of the land is indicated with great precision by the descriptions in the grant and petition, and the delineations on the map which is found in the expediente. The decree of the board must therefore be affirmed.

## Case No. 16,483.

### UNITED STATES v. THOMPKINS.

[2 Cranch, C. C. 46.] [1]

Circuit Court, District of Columbia. June Term, 1812.

#### INDICTMENT FOR FORGERY.

The court will not quash an indictment because there was no previous presentment, or order of the court.

F. S. Key, for defendant, moved to quash the indictment because there had not been a previous presentment, or order of the court; nor was it found by the grand jury of their own knowledge, according to the Maryland act of 1722 (chapter 5).

But THE COURT (FITZHUGH, Circuit Judge, absent) refused.